**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-1848**

———————————

MONICA GANT,

Plaintiff - Appellee,

versus

CHANDER KANT; ASHIMA K. KANT,

Defendants - Appellants.

———————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (CA-03-2803-RWT)

———————————

Submitted: March 14, 2007          Decided: April 25, 2007

———————————

Before WILLIAMS, KING, and SHEDD, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Chander Kant, Ashima K. Kant, Appellants Pro Se. Christopher C. S. Manning, MANNING & SOSSAMON, P.L.L.C., Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises from a conflict concerning a residential contract. Monica Gant alleged Chander and Ashima Kant ("the Kants") breached the contract. Gant sought specific performance as well as damages resulting from the alleged breach. The case, originally filed in state court, was removed to federal district court, and the Kants counterclaimed. Pursuant to Fed. R. Civ. P. 56, the Kants moved for summary judgment on Gant's claims and for partial summary judgment on their counterclaims. Following a hearing, the district court denied the Kants' Rule 56 motions.

The district court thereafter issued a settlement order, stating it was advised by the parties that the action had "been settled, including all counter-claims, cross-claims, third-party claims and attorney's fees, if any." The settlement order dismissed the action but provided "[t]he entry of this Order is WITHOUT PREJUDICE to the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated. If no party moves to reopen, the dismissal shall be WITH PREJUDICE."

The Kants filed a motion to reopen on the twenty-ninth day following the settlement order. One day later, and before the district court had an opportunity to rule on the motion to reopen, the Kants filed a notice of appeal.

Citing <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982) (per curiam), the district court found the Kants' notice of appeal served to divest the court of jurisdiction to rule on the Kants' motion to reopen. The Kants then filed a motion for certification pursuant to 28 U.S.C. § 1292(b) (2000), which the district court denied.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2000); Fed. R. Civ. P. 54(b); <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541 (1949). We dismiss the action without prejudice because the Kants moved to reopen within the thirty-day period allotted for reopening in the district court's settlement order. Any consideration of the appeal by this court prior to the district court's ruling on the motion to reopen would be premature. If the district court grants the motion to reopen, the case will proceed in the district court in the ordinary course. On the other hand, if the district court denies the motion to reopen, any party aggrieved by that order may note an appeal at that time. We deny as unnecessary the Kants' motion to remand filed in this court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED